IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-HC-2236-FL

| | | |
|---|---|---|
| KAREEM HERRERA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WILLARD HALL, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on the motion to dismiss (DE 10) pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] of respondent Willard Hall. The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion to dismiss.

**STATEMENT OF CASE**

On June 1, 2004, petitioner pleaded guilty, in the Onslow County Superior Court, to attempted first-degree murder and felony conspiracy to commit first-degree murder, and was

---

[1] Although he failed to indicate the Federal Rule of Civil Procedure pursuant to which he moves to dismiss this action, the court construes respondent's motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Additionally, the court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment. See Sec'y of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007) (citing Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004)).

sentenced to a consolidated term of two hundred twenty (220) to two hundred seventy-three (273) months imprisonment. Resp.'t's Mem. Ex. 1; Ex. 4. Petitioner did not file a direct appeal.

On March 28, 2005, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Onslow County Superior Court. Id. Ex. 4. The superior court granted petitioner's MAR and awarded him a new sentencing hearing. Id. On May 19, 2009, petitioner was re-sentenced to a term of one hundred eighty-nine (189) to two hundred thirty-six (236) months imprisonment. Id. Ex. 2. Petitioner did not appeal his new sentence.

On June 30, 2010, petitioner filed a *pro se* MAR in the Onslow County Superior Court, which was summarily denied on June 8, 2011. Id. Exs. 3, 4. On July 20, 2011, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. Id. Ex. 5. The court of appeals denied petitioner's certiorari petition on July 28, 2011. Id. Exs. 5, 7. On November 16, 2011, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Supreme Court, which was dismissed on December 8, 2011. Id. Ex. 9.

On September 14, 2012, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges the following: (1) he received ineffective assistance of counsel; (2) he received an improper aggravated sentence; and (3) his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated. Respondent subsequently filed a motion to dismiss, arguing that petitioner's claims are time-barred, to which petitioner responded.

2

**DISCUSSION**

A.      Motion to Dismiss

   1.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

   2.      Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially

3

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner was re-sentenced by the superior court on May 19, 2009, and had fourteen (14) days thereafter to file an appeal. N.C.R. of App. P. 4(a). Petitioner did not file an appeal. Therefore, petitioner's judgment became final on June 2, 2009. As a result, petitioner's one-year statutory period began to run on June 2, 2009, and ran for three hundred sixty-five (365) days until it expired on June 2, 2010.

Petitioner's June 30, 2010, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271 (4th Cir. 2006). Thus, the statute of limitations expired on June 2, 2010, and petitioner's September 14, 2012, § 2254 petition is time-barred.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution

4

of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner claims he is entitled to equitable tolling because of the delay in receiving orders from the state courts. Petitioner, however, does not specify which order(s) were delayed. Nor does petitioner establish that he diligently attempted to ascertain the status of any delayed order. Thus, petitioner is not entitled to equitable tolling on this ground. See Banuelos-Acosta v. Keller, No. 1:11CV953, 2013 WL 1320506, at *5 (M.D.N.C. Mar. 29, 2013) ("[E]ven if petitioner did not actually receive a copy of the trial court's order, to qualify for equitable tolling, he must still exercise due diligence to determine the status of his MAR.") (citing Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001); Drew v. Department of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002)).

Petitioner also contends that the statute of limitations should be equitably tolled due to his *pro se* status and to allow him the opportunity to gather legal documents to support his claims. However, legal inexperience is not a justification for equitable tolling. Unites States v. Sosa, 364

5

F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Further, petitioner has not described what legal documents were necessary to support his claims, why the procurement of these documents was delayed, or what efforts he took to procure the documents in a timely fashion. Accordingly, petitioner has not established the extraordinary circumstances necessary for equitable tolling. See Lloyd v. Van Natta, 296 F.3d 630, 633–34 (7th Cir.2002) (finding that motions for transcripts and the state's failure to provide transcripts do not qualify for equitable tolling); Johnson v. Hunt, No. 1:08CV20–03–MU, 2008 WL 624431, *3 (W.D.N.C. Mar. 4, 2008), appeal dismissed, 305 F. App'x 973 (4th Cir. Jan. 8, 2009). Based upon the foregoing, petitioner is not entitled to equitable tolling on this ground.

Finally, petitioner asserts that he is entitled to equitable tolling because his counsel failed to notify him that he had the right to file a notice of appeal following his conviction. Generally, ineffective assistance of counsel does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) (citing Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir.2000)). But cf. Holland v. Florida, 560 U.S. 631 (2010) (remanding for determination whether counsel's ineffective assistance warranted tolling in view of diligence exercised by prisoner). However, equitable tolling based upon attorney negligence may be available in cases that are more egregious than a "garden variety claim of excusable neglect." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir.2010) (unpublished) (citing Holland, 130 S.Ct. at 2562–65). Extraordinary circumstances may be demonstrated by a showing of an extraordinary "failure by the attorney to provide reasonably

6

competent legal work, to communicate with his client, to implement his client's reasonable requests, to keep his client informed of key developments in their case, or to never abandon a client." Id.

In this case, petitioner states that his counsel failed to appeal his re-sentencing, but does not provide any facts to explain how his failure to file a notice of appeal prevented him from complying with the one year statute of limitation for his § 2254 petition. See United States v. Bear, No. 1:06CR00018, 2:05CR00029, 2010 WL 2773309, *2–3 (W.D.Va.2010), appeal dismissed, 397 F. App'x 877 (4th Cir. 2010). Accordingly, petitioner has not demonstrated that "extraordinary circumstances" beyond his control prevented him from complying with the statutory time limit, and is not entitled to equitable tolling on this ground. Because petitioner has not demonstrated that he is entitled to equitable tolling, this action is time-barred.

C.    Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

7

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 10) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 12th day of November, 2013.

LOUISE W. FLANAGAN
United States District Judge